IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NICOLE SIEGER, for and on behalf of S.S., a minor; ALONZO LIDDELL and LISA LIDDELL, for and on behalf of J.L., a minor; and KIMBERLY OLSEN, for and on behalf of N.M., a minor;<br><br>    Plaintiffs,<br><br>vs.<br><br>DAVIS COUNTY SCHOOL DISTRICT, a county school district; CASSIE GRETHER, an individual; TRACY NOLAN, an individual; and MARTIN HARDY, an individual;<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY<br><br>Case No. 1:22CV48 DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiffs' Motion to Certify. The court has carefully reviewed the written memoranda submitted by the parties, and pursuant to local rule 7-1(g), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(g). For the reasons explained below, the court denies the motion.

## DISCUSSION

In a Memorandum Decision and Order issued on December 13, 2022, the court dismissed Plaintiffs' contract claim and their § 1983 claim based on Title VI.[1] Plaintiffs' causes of action for violation of Title VI and § 1983 claim based on the Equal Protection Clause remain in

---
[1] *See* ECF No. 53.

the action.  Through the instant motion, Plaintiffs seek certification under 28 U.S.C. § 1292 regarding the court's dismissal of Plaintiffs' § 1983 claim based on Title VI.

The certification statute, 28 U.S.C. § 1292(b), provides:

> A district judge may certify an interlocutory order for appeal when she is of the opinion that (1) such order involves a controlling question of law; (2) a substantial ground for difference of opinion exists with respect to the question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation."

*Freedom Trans., Inc. v. Navistar Int'l Corp.*, Case No. 218CV02602JARKGG, 2020 WL 108670, at *2 (D. Kan. Jan. 9, 2020) (unpublished) (citing 28 U.S.C. § 1292(b)).  "The district court certification requirement of § 1292(b) is to be taken seriously." *Homeland Stores, Inc. v. Resol. Tr. Corp.*, 17 F.3d 1269, 1271 (10th Cir. 1994). A moving party must demonstrate that all three criteria are met before certification under 28 U.S.C. § 1292(b) may be granted. *See Freedom Transp., Inc.*, 2020 WL 108670, at *2 (citing *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000) (stating the proponent of an interlocutory appeal bears the burden of establishing that all three of [§ 1292(b)'s] substantive criteria are met)).

The court, however, is not convinced that there is substantial ground for difference of opinion with respect to this question of law or that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Plaintiffs suggest that, after the United States Supreme Court's decision last term in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022), a § 1983 claim is no longer simply duplicative of an implied cause of action under Title VI, and thus the Tenth Circuit's controlling precedent in *Seamons* v. Snow, 84 F.3d 1226 (10th Cir 1996) "is the subject of a substantial difference in opinion."  *See* ECF No. 54 at 10.  The court, however, disagrees.

In *Cummings*, the Supreme Court held that emotional distress damages are not recoverable under the Spending Clause antidiscrimination statutes at issue.[2]  In *Seamons*, however, the defendant had argued that the district court had erred in finding that the plaintiff could bring *both* a direct Title IX claim and a § 1983 claim that was premised on constitutional provisions. The Tenth Circuit affirmed the district court, agreeing with the Sixth Circuit's decision in *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 722-24 (6th Cir. 1996), and holding that plaintiff's "§ 1983 action is not barred by Title IX." *See Seamons*, 84 F.3d at 1233. This court can discern nothing about Tenth Circuit's reasoning in *Seamons* that is affected by the Supreme Court's *Cummings* decision, and the Tenth Circuit would still find that a plaintiff may bring both a direct Title IX claim (or, in this case, a Title VI claim) in addition to a § 1983 claim based on constitutional provisions. Moreover, this court is not aware of any other court decision in the country that suggests that there might be a difference of opinion regarding the impact of *Cummings* on a plaintiff's ability to bring a § 1983 claim that is premised on Title VI (or any other Spending Clause legislation).

In addition, it is far from clear that certifying this question for appeal would materially advance the ultimate termination of the litigation. Indeed, it could significantly prolong the litigation.

---

[2] The antidiscrimination statutes that were considered by the court included Title VI (prohibiting race discrimination), Title IX (prohibiting sex discrimination), the Rehabilitation Act (prohibiting disability discrimination), and the Affordable Care Act (prohibiting race, sex, disability, and age discrimination by healthcare entities receiving federal funds). *See Cummings*, 142 S. Ct. at 1569 & 1577-78 (dissent).

Thus, the court declines to certify for appeal under 28 U.S.C. § 1292(b) its dismissal of Plaintiffs' § 1983 claim based on Title VI.  Accordingly, Plaintiffs' Motion to Certify [ECF No. 54] is DENIED.

DATED this 23rd day of May, 2023.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge